NATIONAL CREDIT UNION
ADMINISTRATION BOARD AS
LIQUIDATING AGENT OF THE FORMER
SHREVEPORT FEDERAL CREDIT UNION

VERSUS

HEARD, MCELROY & VESTAL, L.L.C.

NO. 22-CA-150

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FIRST JUDICIAL DISTRICT COURT
PARISH OF CADDO, STATE OF LOUISIANA
NO. 627,320, DIVISION "B"
HONORABLE CRAIG O. MARCOTTE, JUDGE PRESIDING

December 07, 2022

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Hans J. Liljeberg

**<u>AFFIRMED</u>**
    **SMC**
    **JGG**
    **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
NCUAB
        Richard F. Zimmerman, Jr.
        Jennifer A. Hataway

COUNSEL FOR DEFENDANT/APPELLEE,
HEARD, MCELROY & VESTAL, L.L.C.
        Bernard S. Johnson

**CHEHARDY, C.J.**

The National Credit Union Administration Board ("NCUAB"), as Liquidating Agent of the former Shreveport Federal Credit Union ("Credit Union"), filed suit against the accounting firm Heard, McElroy, & Vestal, LLC ("HMV"), for HMV's alleged malpractice in conducting audits of the Credit Union between 2014 and 2016. For the reasons that follow, we affirm the trial court's ruling sustaining HMV's exception of peremption and/or prescription.

BACKGROUND AND PROCEDURAL HISTORY

The National Credit Union Administration ("NCUA") is an independent federal agency managed by a three-person Board. It is responsible for the administrative oversight and regulation of federally insured credit unions. As part of its duties, the NCUA reviews a credit union's financial reports and performs examinations to determine whether operations are sound and if the credit union is complying with federal rules and regulations, such as following lending guidelines or adhering to its own policies and procedures. *See* 12 U.S.C.A. §§ 1752a, 1756.

On June 30, 2014, the NCUA issued a Document of Resolution memorializing its concerns with the Shreveport Federal Credit Union's accounting practices and its general ledger. The NCUA required the Credit Union to hire an external Certified Public Accountant to audit its financial statements and to reconcile every general ledger account. The NCUA continued investigating the Credit Union and periodically issued examination overviews notating the areas in which the Credit Union needed to improve its processes and procedures.

The Credit Union contracted with HMV via a December 22, 2014 engagement letter, in which HMV agreed to audit the accuracy and presentation of the Credit Union's 2014 financial statements. HMV requested all pertinent documentation, but the record reflects that, despite the request, the Credit Union

did not provide HMV with all pertinent reports and relevant documentation.[1] Based on the information that HMV received and reviewed, however, it issued an audit report for the year 2014 on April 30, 2015, which concluded that the financial statements "present fairly, in all material respects, the financial position of Shreveport Federal Credit Union as of December 31, 2014[.]"

HMV and the Credit Union signed a second engagement letter on June 16, 2015, whereby HMV would obtain and review all balance sheet reconciliations monthly and issue reports. This engagement was limited strictly to reconciliations and did not include the performance of an audit.

On October 13, 2015, in a third engagement letter, the Credit Union again hired HMV to audit the 2015 financial statements. HMV issued its 2015 audit report on April 27, 2016, again finding no irregularities.

Notwithstanding HMV's audit reports, the Credit Union continued experiencing financial troubles, and on April 13, 2017, the NCUA Board appointed itself as conservator. Kayla Glascock, a principal examiner with the NCUA, explained at the hearing on HMV's exception of prescription/peremption that the goal of the conservator is to address a credit union's deficiencies while continuing

---

[1] In conjunction with the 2014 audit, the Credit Union's President/CEO signed an April 30, 2015 letter to HMV stating:

> We have provided you with:
>
> o Access to all information, of which we are aware, that is relevant to the preparation and fair presentation of the financial statements, such as records, documentation and other matters.
>
> ***
>
> o All regulatory or examination reports, supervisory correspondence, and similar materials from applicable regulatory agencies, including communications about supervisory actions or noncompliance with, or deficiencies in, rules and regulations or supervisory actions.

The Credit Union made the same representation in an April 27, 2016 letter issued in conjunction with HMV's 2015 audit report. At the hearing on HMV's exception of prescription/peremption, however, James Walker Coburn, testifying on behalf of HMV as head of its team auditing the Credit Union, confirmed that HMV asked the Credit Union's management team for all of the examination reports that financial institutions undergo, and that the Credit Union's management indicated it had provided all pertinent reports, when in fact it had not.

its operations, and to eventually return it to the members under new management. Only a few months later, however, on October 2, 2017, the NCUA Board appointed itself as liquidating agent to prepare for the Credit Union's assets to be sold and to investigate potential claims against third parties, with the goal of minimizing the cost to the credit union Share Insurance Fund.[2]

On September 29, 2020, the NCUA Board, as liquidating agent for the Shreveport Federal Credit Union under 12 U.S.C. § 1787(b)(2)(A)(i), submitted a Statement of Claim and Request for Review to the Society of Louisiana Certified Public Accountants to convene a review panel to review HMV's alleged errors and omissions in conducting the 2014 and 2015 financial statement audits, as well as the monthly balance sheet reconciliations that HMV performed between June 2015 and August 2016. *See* La. R.S. 37:109. The Statement of Claim and Request for Review alleged that HMV failed to uncover substantial problems in the Credit Union's financial statements, including a $13.1 million embezzlement scheme that involved the Credit Union's Chief Financial Officer. On November 25, 2020, the NCUA Board filed a Petition to Aid in Discovery and to Compel Compliance with Accounting Review Panel Provisions in the First Judicial District Court for the Parish of Caddo.[3]

HMV filed a peremptory exception of peremption and/or prescription in the First JDC proceeding, arguing that the Board filed its claims against HMV too late under the federal Extender Statute, 12 U.S.C. § 1787, which governs claims brought by the NCUA Board as conservator or liquidating agent. First, however, HMV contended that the tort claims arising out of the 2014 audit of the Credit

---

[2] Administered by the NCUA, the Share Insurance Fund insures individual accounts up to $250,000. 12 U.S.C. §§ 1781, 1783, 1787 (k)(3).

[3] The Louisiana Supreme Court transferred this appeal from the Louisiana Second Circuit Court of Appeal to the Fifth Circuit.

Union were time barred under state law because those claims had expired before the NCUA Board was appointed conservator on April 13, 2017, and the claims, once extinguished, could not be revived through application of the Extender Statute.[4] Second, HMV argued that even if the 2014 claims had not prescribed under La. R.S. 9:5604 A by the date that the Board was appointed conservator, all of the malpractice claims against HMV were time barred because the three-year statute of limitations found in the Extender Statute, 12 U.S.C. § 1787(b)(14)(A)(ii), expired before the Board filed its claims on September 29, 2020. Moreover, HMV argued that the Extender Statute's three-year limitations period did not re-start when the Board appointed itself as liquidating agent approximately five and a half months after it became conservator.[5]

In response to HMV's prescription exception, the NCUA Board removed the matter to federal district court, which remanded to the First JDC because the removal was procedurally defective.[6] After an evidentiary hearing on the prescription/peremption exception, the trial court granted HMV's exception

---

[4] Cases interpreting the federal Extender Statute consistently find that claims that were already stale at the time that the NCUA Board was appointed as conservator or liquidating agent cannot be revived; the statute merely extends the time within which the NCUA Board may bring a still-viable claim acquired from a failed credit union. *See*, *e.g.*, *Nat'l Credit Union Admin. Bd. v. Ciuni & Panichi, Inc.*, 2019 WL 188472, at *7 (N.D. Ohio Jan. 11, 2019).

[5] The following timeline is provided for ease of reference:

- April 30, 2015 – HMV delivered the 2014 audit report to the Credit Union, stating in an unqualified opinion that the financial statements were presented accurately and fairly in all material aspects.
- April 27, 2016 – HMV delivered the 2015 audit report to the Credit Union, reaching the same conclusion as the 2014 audit report.
- April 13, 2017 – the NCUA Board, in its capacity as conservator, took control of the Credit Union, removing the Credit Union's Board of Directors and other managers with the goal of returning the credit union to its members, under new management.
- October 2, 2017 – the NCUA Board appointed itself as liquidating agent after determining that the credit union was insolvent and could not be saved.
- September 29, 2020 – the NCUA Board filed its claim through a Request for Review.

[6] *See National Credit Union Admin. Board v. Heard McElroy & Vestal, LLC*, No. 5:21-CV-01081, 2021 WL 2944891 (W.D. La. June 28, 2021) (report and recommendation of the magistrate judge), and 2021 WL 2942524 (W.D. La. July 13, 2021) (adopting the magistrate's report and recommendation).

without assigning reasons or making any factual findings. The Board now appeals that ruling.

DISCUSSION

The NCUA Board raises two assignments of error. First, it contends the trial court erred in ruling that the malpractice claims against HMV were prescribed "on the apparent ground" that the Extender Statute's three-year statute of limitations for torts began to run from the earlier date that the NCUA Board was appointed conservator, rather than from the later date that it became the liquidating agent. Second, the NCUA argues that "it would be legal error" to conclude that the Credit Union's malpractice claims for the 2014 audit were prescribed/preempted even before the NCUA Board appointed itself conservator.

Here, the central issue on appeal is the interpretation of the federal Extender Statute, an issue of law. As such, we apply the *de novo* standard of review, under which the trial court's legal conclusions are not entitled to deference. *In re Med. Rev. Panel of Lindquist*, 18-444 (La. App. 5 Cir. 5/23/19), 274 So.3d 750, 754, *writ denied*, 19-1034 (La. 10/01/19), 280 So.3d 165. *See also Mitchell v. Baton Rouge Orthopedic Clinic, L.L.C.*, 21-0061 (La. 10/10/21), 333 So.3d 368, 373 (finding that when evidence is introduced at the hearing on an exception of prescription but there is no dispute regarding material facts, the reviewing court is to apply a *de novo* standard of review).

Under Louisiana law, an accounting malpractice claim is grounded in tort and must be brought within one year of the date of the alleged act, omission or neglect, or within one year from the date of the discovery of the alleged act, omission, or neglect, but never later than three years from the date of the alleged act, omission or neglect. La. R.S. 9:5604 A.[7] But the Financial Institution Reform,

_____

[7] La. R.S. 9:5604 A provides:

Recovery and Enforcement Act of 1989 ("FIRREA") includes an Extender Statute that preempts Louisiana's prescription/peremption period and extends the time within which the NCUA Board, acting as conservator or as liquidating agent, may pursue a claim. The Extender Statute "creates the exclusive time framework for all NCUA enforcement actions and replaces all other time periods." *Nat'l Credit Union Admin. Bd. v. Nomura Home Equity Loan, Inc.*, 764 F.3d 1199, 1208 (10th Cir. 2014). The Extender Statute states:

**(14) Statute of limitations for actions brought by conservator or liquidating agent**

**(A) In general**

Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Board as conservator or liquidating agent shall be –

(i)     in the case of any contract claim, the longer of --
   (I)    the 6-year period beginning on the date the claim accrues; or
   (II)   the period applicable under State law; and

(ii)    in the case of any tort claim, the longer of --
   (I)    the 3-year period beginning on the date the claim accrues; or
   (II)   the period applicable under State law.

**(B) Determination of the date on which a claim accrues**

For purposes of subparagraph (A), the date on which the statute of limitation begins to run on any claim described in such subparagraph shall be the later of --

(i)     the date of the appointment of the Board as conservator or liquidating agent; or

(ii)    the date on which the cause of action accrues.

---

No action for damages against any accountant duly licensed under the laws of this state, or any firm as defined in R.S. 37:71, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide professional accounting service shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

12 U.S.C. § 1787 (b)(14) (emphasis in original). The NCUA Board does not dispute that its malpractice claims against HMV are tort claims and thus governed by the three-year limitations period. The parties instead dispute how 12 U.S.C. § 1787 (b)(14)(B)(i) applies to the present facts.

The NCUA Board argues that its malpractice claims are not time barred because it filed the Statement of Claims and Request for Review on September 29, 2020, within three years of the Board's appointment as liquidating agent on October 2, 2017. The Board contends that its status as either conservator or liquidating agent educes different responsibilities, and as conservator, it should not have been required to pursue malpractice claims against HMV. The Board argues that it was appropriate to consider filing a malpractice action against HMV only when it became clear that the Credit Union would require liquidation. Further, the NCUA Board contends that the Extender Statute is silent as to whether its appointment as conservator or liquidating agent begins the limitations period under the Extender Statute, that the statute is therefore ambiguous, and that the ambiguity means it should be interpreted broadly and in the agency's favor, citing *N.S.Q. Assocs. v. Beychok*, 94-2760 (La. 9/5/95), 659 So.2d 729 (finding that the Federal Deposit Insurance Corporation's assignee could benefit from the FDIC Extender Statute to sue on a promissory note).

In opposition, HMV argues that the Extender Statute is not ambiguous, and that all of the NCUA Board's claims are time barred because the Statement of Claims was not filed within three years of the date that the Board appointed itself as conservator—April 13, 2017. HMV contends that the statute is not "silent" but clearly delineates that the limitations period begins to run when either event occurs: the NCUA Board is conservator, or the NCUA Board is liquidating agent; but the limitations period does not reset if the NCUA Board ultimately serves in

both capacities. Because the Statement of Claims was not filed until September 29, 2020, HMV argues that the trial court properly determined the claims were time barred and should be dismissed.[8]

We agree. The Extender Statute can be applied as written and contains no language to suggest that when the NCUA Board serves first as conservator, the three-year period for pursuing tort claims begins again, or resets, on the date that the Board becomes the liquidating agent.

Paragraph 14 (B) establishes that the date on which the statute of limitations begins to run *shall be the later of* -- (i) the date of the appointment of the Board as conservator or liquidating agent; *or* (ii) the date on which the cause of action accrues. We interpret the "shall be the later of" language to mean the later of either (i) or (ii), not the later of the options that exist only within subparagraph (i). Subparagraph (i)'s language – "the date of the appointment of the Board as conservator or liquidating agent" – suggests that the period begins to run as soon as either of these two events occurs.[9] The NCUA Board has acknowledged that there

---

[8]     HMV also contends that the NCUA Board's tort claims related to the 2014 audit were prescribed under La. R.S. 9:5604, because the Credit Union should have discovered HMV's alleged act, omission, or neglect when the 2014 Audit Report was issued in April 2015. The NCUA issued multiple reports in 2014 indicating problems with the Credit Union's records and management, including problems that "could result in a gross misstatement of the financial statements." Moreover, the NCUA placed the Credit Union under a Document of Resolution on June 30, 2014, indicating a heightened awareness of impending financial problems within the Credit Union. As such, according to HMV, the Credit Union was on notice of the potential discrepancies in the year-end financial statements and should have discovered the alleged "malpractice" when HMV issued its 2014 Audit Report in April of 2015.

        HMV tacitly acknowledges that even if this Court were to determine that the malpractice claims arising from the *2014* audit prescribed before the date of the NCUA Board's conservatorship, and thus those claims could not be revived through application of the Extender Statute, the claims for the *2015* audit and for HMV's monthly reconciliations would not have prescribed before the NCUA Board became conservator and the Extender Statute was triggered. As such, the interpretation of the federal statutory language is necessary, whether or not the 2014 audit claims were prescribed under state law. Accordingly, we address the NCUA Board's first assignment of error and interpret the language of the Extender Statute first. Because we conclude that the Extender Statute precludes the NCUA Board's malpractice claims against HMV, we need not address whether the 2014 audit claims had prescribed under state law.

[9]     The NCUA Board has not argued in this case that the underlying cause(s) of action accrued *later* than the date that the NCUA Board became conservator or liquidating agent; the Board limits its argument to the interpretation of the language found in subparagraph (i). As

are instances in which the Board becomes a liquidating agent without first serving as conservator. Subparagraph (i) covers either instance – when the Board first serves as conservator, or when it first serves as liquidating agent – but the language does not establish that the limitations period begins anew when the NCUA Board becomes liquidating agent after first serving as conservator.

Courts in other jurisdictions have reached this same result when interpreting the NCUA Extender Statute. For example, in *Nat'l Credit Union Admin. Bd. v. Credit Suisse Securities (USA) LLC*, 939 F.Supp.2d 1113, 1125 (D. Kan. 2013), the district court stated:

> Plaintiff argues that the statute thus offers three possible dates for starting the three-year clock: the date of appointment as conservator, the date of appointment as liquidating agent, and the date of accrual. Plaintiff would then choose the date of appointment as liquidator as the last of those three dates. The statute cannot be reasonably read in that manner, however, as it clearly offers only two possible "dates" (numbered accordingly): the "date" (singular) of appointment as *either* conservator or liquidator, and the date of accrual. That provision of two possible dates is reinforced by the use of "later" instead of "last" (which modifier would be required for three alternatives). Plaintiff satisfied the first possible date when it was appointed as conservator for the credit unions; thus that date must be used in applying the Extender Statute's three-year limitations period.

The NCUA Board appointed itself conservator on April 13, 2017. As such, it should have pursued its claims against HMV no later than April 13, 2020. Because the Board did not submit its Statement of Claims and Request for Review until September 29, 2020, the NCUA Board's accounting malpractice claims against HMV are time barred.

CONCLUSION

The trial court's judgment granting the peremptory exception of peremption and/or prescription filed by Heard, McElroy, & Vestal, LLC, and dissolving the

_____

such, we need not determine a specific date that the malpractice causes of action accrued pursuant to subparagraph (ii).

accountant malpractice review panel previously commenced by the Society of Louisiana Certified Public Accountants, is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 7, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-150

**E-NOTIFIED**
OTHER (CLERK)
HONORABLE CRAIG O. MARCOTTE (DISTRICT JUDGE)
JENNIFER A. HATAWAY (APPELLANT)          RICHARD F. ZIMMERMAN, JR.
                                         (APPELLANT)

**MAILED**
BERNARD S. JOHNSON (APPELLEE)
ATTORNEY AT LAW
POST OFFICE BOX 22260
SHREVEPORT, LA 71120-2260